UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES of AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AURELIO SAAVEDRA,<br><br>Defendant. | Case No. 16-cr-00231-WHO-1<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 63 |

Defendant moves to dismiss for vindictive prosecution, arguing that the second and third superseding indictments were filed in retaliation to defendant's exercise of his right to proceed to trial. In absence of any direct evidence of vindictiveness and in light of the posture of the case, there is no basis for a presumption of vindictiveness and defendant's motion is DENIED.

## BACKGROUND

On October 9, 2015, Saavedra allegedly sold methamphetamine to an undercover informant who was wearing a recording device while Saavedra was under surveillance. Dkt. No. 32. On June 2, 2016, Saavedra was charged with single-count of Possession with Intent to Distribute and Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), related to the October 9, 2015 conduct. On August 8, 2016, a plea agreement was offered. Mot. at 3. On September 15, 2016, the case was set for trial in January 2017. On October 6, 2016, Saavedra gave notice of his intent to offer entrapment defense at trial and moved to disclose information regarding the confidential informant (CI).

As of October 27 & 28, 2016, the government was still conducting witness interviews, (and reports of those interviews were turned over to defendant on December 8, 2016). Opp. at 4. On November 10, 2016, the court ordered the government to disclose the CI 30 days before trial. On November 15, 2016, the government advised defense counsel of its intent to charge Saavedra with a superseding indictment, because of further investigation of defendant's "drug related activities" and its "recent" conclusion that defendant satisfied the Department of Justice's "Policy on Charging Mandatory Minimum Sentences." Vartain Decl., ¶ 2, Ex. A.

1    On December 1, 2016, defendant was charged in the first superseding indictment with a
2 single count of Possession with Intent to Distribute and Distribution of 50 grams or more of
3 methamphetamine. On December 8, 2016, the government disclosed to defendant the evidence it
4 intends to offer at trial, and explained that the government intended to introduce evidence
5 regarding the phone calls intercepted during the wiretap. Vartain Decl. ¶ 3. And on December 15,
6 2016, the grand jury returned a second superseding indictment, adding counts for Illegal Use of a
7 Communications Facility in violation of 21 U.S.C. § 843(b).

8    Defendant now moves to dismiss, arguing that the additional charges and penalties added
9 by the superseding indictments were brought by the government only to punish Saavedra for his
10 decision to proceed to trial.

## LEGAL STANDARD

12    "A prosecutor violates due process when he seeks additional charges solely to punish a
13 defendant for exercising a constitutional or statutory right." *United States v. Gamez-Orduno*, 235
14 F.3d 453, 462 (9th Cir. 2000). "To establish a claim of vindictive prosecution the defendant must
15 make an initial showing that charges of increased severity were filed because the accused
16 exercised a statutory, procedural, or constitutional right in circumstances that give rise to an
17 appearance of vindictiveness." *United States v. Gallegos-Curiel*, 681 F.2d 1164, 1168 (9th Cir.
18 1982). That initial showing must be made by "direct evidence of the prosecutor's punitive
19 motivation" or "by showing that the circumstances establish a 'reasonable likelihood of
20 vindictiveness.'" *United States v. Kent*, 649 F.3d 906, 912–13 (9th Cir. 2011) (internal quotations
21 omitted).

22    "If there is a sufficient prima facie showing of vindictiveness, the burden shifts to the
23 prosecution to show that any increase in the severity of the charges did not stem from a vindictive
24 motive, or was justified by independent reasons or intervening circumstances that dispel the
25 appearance of vindictiveness." *Gallegos-Curiel*, 681 F.2d at 1168. "The appearance of
26 vindictiveness results only where, as a practical matter, there is a realistic or reasonable likelihood
27 of prosecutorial conduct that would not have occurred *but for* hostility or a punitive animus
28 towards the defendant because he has exercised his specific legal rights." *Id*. at 1169 (citing

2

*United States v. Goodwin*, 457 U.S. 368, 384 (1982) (emphasis added)).

Vindictiveness claims are "evaluated differently when the additional charges are added during pretrial proceedings, particularly when plea negotiations are ongoing, than when they are added during or after trial," and "in the context of pretrial plea negotiations vindictiveness will not be presumed simply from the fact that a more severe charge followed on, or even resulted from, the defendant's exercise of a right." *Gamez-Orduno*, 235 F.3d at 462; *see also id.* at 463 "the courts have concluded that threatening and then filing more severe charges as an outgrowth of plea negotiations does not violate due process.").

Additionally, when investigations are ongoing, enhanced charges that "are filed in the routine course of prosecutorial review or as a result of continuing investigation there is no realistic likelihood of prosecutorial abuse, and therefore no appearance of vindictive prosecution arises merely because the prosecutor's action was taken after a defense right was exercised." *Gallegos-Curiel*, 681 F.2d at 1169.

**DISCUSSION**

Defendant argues that because actual plea bargaining was not ongoing – as the government should have known defendant rejected the plea offer when he filed his motion to disclose the CI and expressed his intent to proceed to trial – the government cannot rely on *United States v. Kent*, 649 F.3d 906, 913 (9th Cir. 2011) or *United States v. VanDoren*, 182 F.3d 1077, 1082 (9th Cir. 1999). In *VanDoren*, the government made a series of plea offers, set a deadline for defendant's acceptance, and noted that failure to accept the plea would result in the government seeking sentencing enhancements. Defendant rejected the offer and the government then filed the sentencing enhancement. The defendant argued that the government's decision to file the sentencing enhancement after the defendant exercised his right to go to trial raised a presumption of vindictive prosecution. *VanDoren*, 182 F.3d at 1082. The court rejected that argument, relying on the government's wide discretion to file additional charges or seek an enhanced sentence after the rejection of a plea deal. *Id*. at 1082. In *Van Doren*, therefore, the plea bargains were at an end. Defendant rejected the plea offer and then faced the promised enhancements. In those circumstances, no presumption of vindictiveness could arise.
3

1  In *Kent*, the Ninth Circuit made it clear that the normal rule – vindictiveness cannot be presumed from the fact that a more severe charge followed or even resulted from the defendant's exercise of a right in the pretrial setting – is not weakened where "explicit plea negotiations" were not ongoing at the time more severe charges were filed. *Kent*, 649 F. 3d. at 913 (no presumption of vindictiveness because "prosecutors may add charges pretrial for any number of permissible reasons, such as coming to a new understanding of the crime or evidence."). In *Kent*, there was an outstanding plea offer contingent on cooperation, accompanied by a threat to file enhanced charges. The defendant never communicated an express rejection of the plea offer. Instead, two weeks after the deal was offered and the threat of enhanced charges made, defendant informed the court of his intent to plead open rather than cooperate, and government immediately filed the enhancements. The Ninth Circuit concluded that in those circumstances, plea negotiations were in fact ongoing and no presumption of vindictiveness could be presumed. *Id*. at 913-14. However, even if plea negotiations were not ongoing, "it does not alter the prosecutor's broad discretion to make a charging decision. As a general matter, prosecutors may charge and negotiate as they wish." *Id*. at 914. Therefore, the fact that Saavedra does not believe that plea negotiations were actively ongoing, does not alter the analysis.

Moreover, defendant admits that the first superseding indictment was either "preceded" or "accompanied" by a threat of increased charges if he did not plea. Reply at 2. Defendant also does not dispute that he never explicitly rejected the plea offer, but instead simply went forward with trial preparations, as evidenced by the motion to disclose the CI in support of an entrapment defense. Finally, while there was no additional "threat" of increased charges or plea discussions preceding the grand jury's return of the second superseding indictment, there was no *new assertion* of a right by defendant in that same timeframe. Given these factual circumstances and the lack of any direct evidence of vindictiveness, defendant's motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: February 13, 2017

William H. Orrick
United States District Judge